UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KERRY L. BRUCE** | **CIVIL ACTION** |
| **VERSUS** | **NO.   15-3814** |
| **SANDY MCCAIN, WARDEN** | **SECTION "B"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

*Procedural History*

Petitioner, Kerry L. Bruce, is a state prisoner incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana.   On June 18, 2012, he pleaded guilty as charged to attempted second-degree murder and possession of a firearm while in the commission of a crime of violence.[1]   In accordance with the plea agreement, the trial court sentenced him

---

[1] State Rec., Vol. 1 of 7, R.p. 169, Minute Entry, June 18, 2012; *see also* R.p. 39, Bill of Information, 24th J.D.C., Parish of Jefferson.   This report will reference the record volume

to twenty-five (25) years imprisonment on the attempted second-degree murder conviction and ten (10) years imprisonment on the conviction for possession of a firearm during commission of a crime of violence. The State also filed a multiple bill of information alleging that he was a second-felony offender. After Bruce stipulated to the allegations of the multiple bill, the trial court vacated the original sentence on count one and resentenced him, in accordance with the plea agreement, to twenty-five (25) years imprisonment.[2] Bruce subsequently filed several motions to reconsider the sentence, all of which were denied.[3] However, his request to appeal the convictions and sentences was granted.

On direct appeal, appointed counsel filed an *Anders* brief asserting that he had thoroughly reviewed the trial-court record and found no non-frivolous issues to raise on appeal.[4] After an independent review, the court of appeal agreed that the guilty pleas and sentences imposed pursuant to the plea agreements presented no issues for appeal, affirmed the convictions and sentences, and granted counsel's motion to withdraw.[5] Bruce did not

---

number along with the record page number as reflected by the Bates-Stamp number located on the bottom center of each page of the record. Where a particular transcript excerpt is cited, however, the report will cite to the specific transcript page.

[2] State Rec., Vol. 2 of 7, R.p. 273, Transcript of Guilty Plea and Sentencing (June 18, 2012).

[3] State Rec. Vol. 1 of 7, Motions to Reconsider stamped as filed June 22, 2012, July 3, 2012 and July 12, 2012 with Order denying signed July 30, 2012.

[4] *Anders v. California*, 386 U.S. 73, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).

[5] State Rec., Vol. 4 of 7, R.p. 610, *State v. Bruce*, 13-175 (La. App. 5th Cir. 7/30/13), 121 So.3d 796.

seek a writ of certiorari in the Louisiana Supreme Court.

On October 21, 2013, Bruce filed an application for post-conviction relief with the state district court.[6]   That application was denied on May 5, 2013.[7]   His related writ application to the Louisiana Fifth Circuit Court of Appeal was denied with reasons on June 26, 2014, and his writ application to the Louisiana Supreme Court was denied without stated reasons on July 31, 2015.[8]

On August 24, 2015, Bruce filed his federal application for *habeas corpus* relief.[9]  In his petition, he asserts four grounds for relief:   (1) the evidence was not sufficient to support his conviction for attempted second degree murder; (2) the trial court did not inform him during the plea colloquy of his right against self-incrimination; (3) defense counsel was ineffective for failing to conduct adequate pretrial investigation before advising him to enter a guilty plea; and (4) he was not properly advised of the nature of the offenses to which he was pleading guilty.

The State filed a response, conceding that the federal application is timely and that

---

[6] State Rec., Vol. 4 of 7, R.p. 618, Uniform Application for Post-Conviction Relief.

[7] State Rec., Vol. 4 of 7, R.p. 710, Order denying Post-Conviction Relief.

[8] State Rec., Vol. 4 of 7, R.p. 720, *State v. Bruce*, 2014-KH-408 (La. App. 5th Cir. June 26, 2014) (unpublished writ ruling); R.p. 724, *State ex rel. Bruce v. State*, 2014-KH-1515 (La. 7/31/15), 174 So.3d 653.

[9] Rec. Doc. 1, 28 U.S.C. § 2254 Petition for Writ of *Habeas Corpus*.

3

state-court remedies have been exhausted as to all of the claims. Bruce filed a traverse to the State's response.[10]

*Standards of Review on the Merits*

Title 28 U.S.C. § 2254(d) (1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both. A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have

---

[10] Rec. Docs. 12, 13.

independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010). An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA." *Harrington v. Richter*, 562 U.S. 86 (2011). Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision

conflicts with [United States Supreme Court] precedents." *Harrington*, 562 U.S. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

*Analysis*

1. *Sufficiency of the Evidence and Ineffective Assistance of Counsel (Claims 1 and 3)*

Bruce claims that the evidence was not sufficient to support his conviction for attempted second-degree murder because it did not establish that he possessed the requisite specific intent to kill the victim. He also argues that defense counsel failed to recognize that the evidence was insufficient to support either the charge or the conviction for attempted second-degree murder because he did not conduct an adequate pretrial investigation into the facts of the case. The state district court construed both of these claims, including the one self-styled by Bruce as ineffective assistance, as challenges to the sufficiency of the evidence, and ruled that non-jurisdictional defects in the proceedings that preceded his guilty plea were waived and therefore precluded from review on post-conviction relief. The district court also deemed the ineffective-assistance-of-counsel arguments raised in petitioner's traverse as speculative, conclusory and without merit.[11] The claims were likewise denied on supervisory review by the Louisiana Fifth Circuit and Louisiana Supreme Court.

---

[11] State Rec., Vol. 4 of 7, District Court Order denying PCR.

As the state courts correctly held, a plea of guilty normally waives nonjurisdictional defects in the proceeding prior to the entry of the plea. *See e.g.*, *United States v. Owens*, 996 F.2d 59, 60 (5th Cir.1993) ("By pleading guilty to an offense, ... a criminal defendant waives all non-jurisdictional defects preceding the plea."). This rule encompasses purported defects in an indictment. *See e.g.*, *United States v. Williams*, 577 Fed. App'x 379, 380 (5th Cir.2014); *United States v. Templet*, 431 Fed. App'x 270, 271 (5th Cir.2011). The rule likewise encompasses any challenge to the sufficiency of the state's evidence. *See e.g.*, *Cornett v. Johnson*, No. 97–11250, 1998 WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); *United States v. Silva*, No. 97–10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea."); *Sokolowski v. Prince*, Civ. Action No. 14–110, 2015 WL 631425, at *5 (E.D. La. Feb. 13, 2015); *Smith v. McCotter*, 786 F.2d 697, 702–03 (5th Cir.1986) ("The *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea.").

A limited exception to this general waiver does exist with respect to certain claims of ineffective assistance of counsel. Specifically, as the United States Fifth Circuit Court of Appeals has explained: "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective

7

assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983). However, as the State asserts and the state district court found, both of the claims at issue, in fact, challenge the sufficiency of the evidence in this case. The sole underlying basis for his claims is that the evidence against him supports only aggravated battery, and not attempted second-degree murder. However, when Bruce pleaded guilty, he waived his challenge to the sufficiency of the evidence. Moreover, regardless of whether it is construed as an ineffective pre-plea investigation claim, he similarly waived his challenge to counsel's alleged ineffectiveness for failing to conduct adequate pretrial investigation into the facts of the case. Bruce raised no claim in the state-court post-conviction proceedings or likewise in this Court that his guilty plea was rendered involuntary due to counsel's ineffectiveness. In fact, he acknowledged during the plea colloquy that he was satisfied with counsel's representation, and voiced no complaints whatsoever about counsel's advice concerning the plea agreement.

For the foregoing reasons, the state courts correctly determined that Bruce waived claims one and three by entering a plea of guilty; therefore, this Court should likewise deny those claims.[12]

---

[12] To the extent that Bruce's third claim—in which he contends that defense counsel was constitutionally ineffective for failing to conduct adequate pretrial investigation into the "actual facts of this case" whereby "nothing said, reported or done meets the essential elements required by law to constitute the offense of attempted second degree murder" — arguably somehow implicates the voluntariness of his guilty plea, that claim is nonetheless

8

2. *Constitutionality of Guilty Plea*

Bruce claims that the trial court erred in failing to inform him during the plea colloquy of his right against self-incrimination. The state district court rejected this claim as procedurally barred because it had been fully litigated on direct appeal when the appellate court upheld the constitutionality of the guilty plea. La. C.Cr.P. art. 930.4(A). The district court also found the claim meritless as the *Boykin* colloquy clearly showed that Bruce was advised of his right to remain silent. The claim was then denied by the intermediate court for the same reasons it had rejected the claim on direct appeal—the plea colloquy demonstrated that Bruce had indeed been advised of his privilege against self-incrimination. The Louisiana Supreme Court denied relief without stated reasons.

---

meritless.

Conclusory allegations that an attorney failed to conduct a complete investigation are insufficient to establish an ineffectiveness claim. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994). To support a claim of inadequate investigation, a petitioner must specify what additional investigation would have revealed and why that additional evidence would have persuaded the defendant not to enter the plea of guilty. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir.2005).

The state courts correctly found that this claim fails because it is premised upon mere conclusory and speculative allegations that counsel did not conduct adequate pretrial investigation. In fact, contrary to his assertion, the record shows counsel sought and obtained extensive discovery, including all police investigative documents and reports, from the prosecution well in advance of plea proceedings. State Rec., Vol. 1 of 7, R.pp. 76, 157. Moreover, Bruce has not shown that counsel's alleged omission had any impact whatsoever on the plea proceedings or that additional investigation likely would have changed the outcome of the case. *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Amos v. Cain*, Civ. Action No. 04-2029, 2008 WL 782472, at *8 (E.D. La. Mar. 20, 2008).

A guilty plea will be upheld on *habeas* review if it was entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir.2000). For those criteria to be met, the record should reflect an articulation and waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

In reviewing the *Anders* brief submitted by appellate counsel on direct appeal and affirming the convictions and sentences, the Louisiana Fifth Circuit reviewed the record, including Bruce's guilty plea colloquy, and determined that the guilty plea was constitutional. The court of appeal stated:

> Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. *See generally* LSA–C.Cr.P. arts. 463–466. Also, as reflected by the minute entries and commitment, defendant appeared at his arraignment and the guilty plea and sentencing proceedings.
>
> Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Wingerter*, 05–697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. In the instant case, defendant filed motions to suppress evidence, identification, and statement that were denied after a hearing. However, defendant did not preserve these rulings for review under the holding in *State v. Crosby*, 338 So.2d 584 (La.1976).
>
> Additionally, our review of the record reveals no irregularities in defendant's guilty pleas on either the original or multiple offender bills of information. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*

colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05–658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record shows that defendant was aware he was pleading guilty to one count of attempted second degree murder and one count of illegal use of a firearm during a crime of violence. *Further, on the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.*

During his guilty plea proceeding, defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty at that time. He also indicated that he understood that his guilty pleas could be used to enhance penalties for any future convictions. Defendant was also informed during the colloquy and by means of the waiver of rights form of the sentencing ranges he faced for each count and of the actual sentences that would be imposed if his guilty pleas were accepted. After his colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.

With respect to defendant's stipulation to the multiple offender bill, filed immediately after defendant's original plea, the record shows that defendant was adequately advised of his multiple offender rights. The trial court advised defendant that by pleading guilty to the multiple bill, he was giving up his right to a hearing at which the State would have to prove his multiple offender status. Defendant was also advised of the possible sentence that he could receive pursuant to the multiple bill as well as the actual sentence that would be imposed upon acceptance of his stipulation to the bill. Throughout the colloquy with the trial court, defendant indicated that he understood his rights relating to the multiple offender proceedings and that he wished to waive those rights.[13]

---

[13] *State v. Bruce*, 121 So.3d at 798-800 (footnote omitted)(emphasis added).

11

Bruce's memorandum in support misquotes the relevant excerpt from the *Boykin* colloquy.[14]   Bruce incorrectly quotes the *Boykin* colloquy as follows in his memorandum:

> A right to testify yourself at trial if you choose to do so or to remain silent if you choose not to testify <u>and have your silence held against you or considered as evidence of your guilt</u>?[15]

There is a rather important word missing here, which is revealed upon review of the actual transcript:

> A right to testify yourself at trial if you choose to do so or to remain silent if you choose not to testify and <u>not</u> have your silence held against you or considered as evidence of your guilt?[16]

This key omission amounts to a fundamental and fatal flaw in Bruce's claim. Moreover, the formal guilty-plea waiver initialed and signed by Bruce also flatly contradicts Bruce's assertion that he was not informed of his right to remain silent and avoid self-incrimination.[17]   The record as a whole reflects that the guilty plea was knowing and voluntary.   The state courts' denial of this claim was not contrary to or an unreasonable application of clearly established federal law.

3. *Nature of Charges*

Finally, Bruce claims that the trial court did not properly advise him as to the nature

---

[14] Rec. Doc. 1, p. 18.
[15] *Id.*
[16] State Rec., Vol. 2 of 7, Transcript of Guilty Plea and Sentencing, p. 4.
[17] State Rec., Vol. 1 of 7, Waiver of Constitutional Rights Plea of Guilty, R.p. 165.

of the charges to which he was pleading guilty.     He contends the trial court's merely informing him of the charges to which he was entering his guilty plea, but failing to set forth the specific elements for each offense, violated Louisiana law.[18]    The state courts rejected the claim on post-conviction relief.    The state district court found the claim meritless, noting he was specifically advised as to the charges to which he was pleading guilty and the sentencing ranges for each charge.    The court also noted that he was present for two separate pretrial hearings where numerous witnesses presented testimony regarding the charges and the evidence in support of those charges.    The court concluded Bruce failed to prove he was unaware of the charges and nature of the charges to which he was pleading. The intermediate court of appeal found no error in the ruling.    The Louisiana Supreme Court denied relief without additional stated reasons.

To the extent Bruce contends the state court violated Louisiana Code of Criminal

---

[18] Bruce cites Louisiana Code of Criminal Procedure article 556.1 and *State v. Whiddon*, 99-1 (La. App. 3rd Cir. 6/2/99), 741 So.2d 797, 800.    In *Whiddon*, the court of appeal applied La. C.Cr.P. art. 556.1(A)(1) as follows:

> On the other hand, the trial court did not read the elements of the offense, and it did not give any explanation regarding the prior offenses element. For this reason, this court finds that the trial court did not satisfy the requirements of article 556.1(A)(1). Nevertheless, "since this requirement is a statutory requirement, rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three *Boykin* rights), and the Defendant does not allege any misunderstanding as to the nature of the charges to which he pled," nor is there any indication from the *Boykin* analysis, which follows, that his plea was involuntary. Accordingly, we find the error harmless.

Procedure article 556.1 as grounds for *habeas corpus* relief, the claim is improper. Federal courts do not review a state court's interpretation of its own law in a federal *habeas corpus* proceeding. *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir.1986). This Court's review is limited to federal constitutional issues and federal courts generally do not review questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011); *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992).

As to any allegation that he did not understand the nature of the charges, the record proves otherwise. The United States Supreme Court has held that a guilty plea is not voluntary in a constitutional sense "unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (internal quotation marks omitted). However, the Supreme Court explained:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

*Id*. at 647. The Supreme Court further noted: "There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume that it does not." *Id*. at 647 n. 18. Additionally, the United States Fifth Circuit Court of Appeals has held:

> The Henderson Court did not purport ... to lay down an absolute requirement

14

>that the technical elements of an offense be recited to a defendant. A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty.

*Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir.1994).

In the instant case, the record reveals that Bruce was fully aware of the nature and elements of the charges of attempted second-degree murder and possession of a firearm during commission of a crime of violence. Bruce signed a written waiver and guilty plea form that contained a certification by the trial judge that he had informed the defendant of the nature of the charges in accordance with law.[19] At the outset of the plea colloquy, the trial court expressly set forth the charges to which he was entering his plea of guilty and the sentencing range for each offense. Bruce answered affirmatively that after conferring with his attorney, he wished to withdraw his plea of not guilty and enter a plea of guilty to those charges. The trial court reiterated for the record during the plea colloquy that he had informed Bruce of the nature of the charges.[20] This express representation shows that the nature of the offenses had been explained to Bruce.

At no time did Bruce indicate that he did not understand the charges, nor does the record support such an assertion. As the state district court noted, Bruce was present for

---

[19] The form provides as follows: "As trial judge, I have informed the defendant of the nature of the charge. State v. Reynolds (La. 5th Cir. 1998)."

[20] State Rec., Vol. 2 of 7, Transcript of Guilty Plea and Sentencing, p. 6.

15

the "Motion to Hold Without Bond" hearing, during which three State witnesses testified as to the evidence against him supporting the charges, and the "Motion to Suppress Evidence, Confession and Identification," at which another three witnesses similarly testified for the State. He also demonstrated an understanding of the charges against him when he filed his own pretrial motions alleging the evidence did not support a finding of specific intent to support the attempted second-degree murder charge.[21] Any assertion that he did not understand the possession of a firearm charge, which is self-explanatory and not difficult to understand, is untenable. Moreover, he was represented by counsel at all stages of the proceedings, and, as previously noted, it is normally presumed that counsel adequately explain the nature of the charges to their clients. *Henderson*, 426 U.S. at 647; *see also Marshall v. Lonberger*, 459 U.S. 422, 436–37 (1983). For these reasons, this Court rejects any suggestion that Bruce, who was represented by counsel, did not understand the nature of the two charges to which he pleaded guilty.

Accordingly, the Court finds that Bruce has failed to demonstrate that the state court's decision denying his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, applying the AEDPA's deferential standard, this Court should likewise reject the claim.

---

[21] State Rec., Vol. 1 of 7, R.pp. 129, 133.

16

**RECOMMENDATION**

**IT IS RECOMMENDED** that Bruce's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[22]

New Orleans, Louisiana, this  31st  day of  August , 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.