UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KERRY BRUCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3814** |
| **SANDY MCCAIN, WARDEN** | **SECTION "B" (5)** |

### ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Petitioner Kerry Bruce's pro se application for a writ of habeas corpus under 28 U.S.C. § 2254. Rec. Doc. 1 at 1. The matter was referred to United States Magistrate Judge Michael B. North to conduct a hearing. He subsequently issued a Report and Recommendation (Report) to dismiss the petition with prejudice. Rec. Doc. 14 at 1. In response to the Report, Petitioner timely filed objections. Rec. Doc. 15. For the reasons outlined below,

**IT IS ORDERED** that the objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's claims are **DISMISSED WITH PREJUDICE.**

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 18, 2012, Petitioner pled guilty to attempted second-degree murder and possession of a firearm while in the commission of a crime of violence. Rec. Doc. 14 at 1. In accordance with the plea agreement, the trial court sentenced Petitioner to twenty-

1

five (25) years imprisonment for count one, attempted second-degree murder, and ten (10) years imprisonment for count two, possession of a firearm during the commission of a crime of violence. *Id.* at 1-2. The trial court ordered the sentences to run concurrently, without benefits, but with credit for time served. Rec. Doc. 1-1 at 27.

The State then filed a multiple offender bill of information against Petitioner, pursuant to Louisiana Revised Statute section 15:529.1, seeking to have defendant adjudicated as a second felony offender. *State v. Bruce* 121 So.3d 796, 797 (La. App. 5 Cir. 2013). After Petitioner entered a guilty plea to the multiple offender bill, the trial court vacated its original sentence as to count one, attempted second-degree murder, and resentenced Petitioner as a habitual offender to twenty-five (25) years at hard labor, without the benefit of probation or suspension of sentence, but with credit for time served. Rec. Doc. 1 at 29-30.

On direct appeal, the Louisiana Fifth Circuit Court of Appeal found that the guilty pleas and sentences presented no issues, and, accordingly, affirmed the convictions and sentences. *Bruce,* 121 So.3d at 800. The court also granted counsel's motion to withdraw. *Id*. Petitioner did not seek a writ of certiorari in the Louisiana Supreme Court. Rec. Doc. 14 at 2-3.

On October 21, 2013, Petitioner filed an application for post-conviction relief with the state district court, which was denied

2

on May 5, 2014. Rec. Doc. 1-1 at 44, 62. Subsequently, he filed writ applications to the Louisiana Fifth Circuit, and the Louisiana Supreme Court, both of which were denied. *Id.* at 88, 115.

Then, Petitioner filed a federal application for *habeas corpus* relief, asserting four grounds for relief: (1) the evidence was not sufficient to support his conviction for second degree murder; (2) the trial court did not inform him during the plea colloquy of his right against self-incrimination; (3) defense counsel was ineffective for failing to conduct adequate pretrial investigation before advising Petitioner to enter a guilty plea; and (4) Petitioner was not properly advised of the nature of the offenses to which he was pleading guilty. Rec. Doc. 15 at 1.

**III. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

In his Report, Magistrate Judge North recommended that Petitioner's application for a writ of habeas corpus be dismissed with prejudice. Rec. Doc. 14 at 1. The Report construed claims 1 and 3 as challenges to the sufficiency of evidence and denied Petitioner's objections because Petitioner waived all non-jurisdictional defects preceding the plea when he plead guilty. Rec. Doc. 14 at 6-8. The Report also denied claims 2 and 4, because they directly contradicted the record. *Id.* at 9-16.

**IV. PETITIONER'S OBJECTIONS**

In his objections to the Report, Petitioner first argues that "[t]he [t]rial [c]ourt failed to meet the essential elements

3

required by law to constitute" attempted second degree murder according to Louisiana Revised Statutes section 14:30.1. Rec. Doc. 15 at 1. Specifically, Petitioner contends that, even though he pled guilty to the charges, the State still had a responsibility to refrain from prosecuting any case that the prosecutor knows is not supported by probable cause, pursuant to Louisiana State Bar Article 16, Rules of Professional Conduct, Rule 3.8(a). *Id.* at 3. Furthermore, Petitioner argues that his conviction was obtained in violation of his rights to due process of law and equal protection, according to the Fifth and Fourteenth Amendments of the United States Constitution and subsection two of Article One of the Louisiana Constitution because of the prosecutorial misconduct. *Id.*[1]

Second, Petitioner argues that the trial court failed to inform him of his right against self-incrimination under Louisiana Code of Criminal Procedure Article 556(A)(3). Rec. Doc. 15 at 4.

Third, Petitioner asserts that defense counsel was ineffective for failing to conduct adequate pretrial investigation before advising Petitioner to enter a guilty plea. Rec. Doc. 15 at

---

[1] Petitioner raises this argument, his conviction was obtained on the ground of prosecutorial misconduct, for the first time in his reply brief to the Defendant's response in opposition to granting a writ of habeas corpus. Rec. Doc. 13 at 3-5. This Court will not consider issues when they are raised for the first time in a reply brief. *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989); *United States v. Jones,* 2016 WL 1383656, at *7 (E.D. La. 2016).

5. Petitioner claims that if counsel would have conducted an adequate pretrial investigation, he would have determined that the State would have lost at trial. *Id.*

Finally, Petitioner argues that his due process rights were violated by the trial court's failure to properly advise him of the nature of the offenses to which he was pleading guilty, in violation of Louisiana Code of Criminal Procedure Article 556.1(A). Rec. Doc. 15 at 6. Specifically, Petitioner asserts that he was not informed, by an attorney or the trial judge, of the specific elements of the charges to which he was pleading guilty. *Id.*

**V.   LAW AND ANALYSIS**

In relevant part, 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for habeas corpus petitions. A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be

5

correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). As to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). The "contrary to and unreasonable application" clauses have independent meanings: a federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts, while the habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle, but unreasonably applies it to the facts of the particular case. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In Petitioner's first objection, he argues that "[t]he [t]rial [c]ourt failed to meet the essential elements required by law to constitute the offenses of La. RS. 14:30.1, Attempted Second Degree Murder." Rec. Doc. 15 at 1. Specifically, Petitioner asserts that his conviction was obtained because of "prosecutorial misconduct," pursuant to Louisiana State Bar Article 16, Rules of Professional Conduct, Rule 3.8(a), and therefore violated his

6

constitutional rights to due process of law and equal protection. *Id.* at 3.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). In other words, by pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *Id.* However, a criminal defendant's plea of guilty does not bar claims based on the voluntariness of his plea. *United States v. Futch,* 278 F. App'x 387, 391 (5th Cir. 2008).

Here, the state courts' determination of the first objection being a sufficiency of evidence argument is not an unreasonable determination. Petitioner is challenging the sufficiency of evidence insofar as he is arguing that the evidence did not sufficiently prove the essential elements required by law to constitute the offense of attempted second degree murder. Rec. Doc. 1 at 9-16. To support this claim, Petitioner cites to *Jackson v. Virginia*, where the Supreme Court articulated a standard for courts when reviewing the sufficiency of evidence. 43 U.S. 307 (1979). Because Petitioner cited *Jackson,* it was not unreasonable for the state court to construe this objection as a sufficiency of

7

evidence argument. Accordingly, we agree that this objection to a non-jurisdictional defect was waived when Petitioner pled guilty.[2]

In Petitioner's second objection, he contends that the trial court erred when it failed to inform him, in open court, of his right against self-incrimination, pursuant to the Louisiana Code of Criminal Procedure Article 556(A)(3). Rec. Doc. 15 at 4-5. Specifically, Petitioner argues that, since the record is void of any mention of his right against self-incrimination, his guilty plea is constitutionally infirm. *Id.* at 5. The state district court found no merit to this claim because (1) a review of the record clearly reveals that the court advised Petitioner of his right to remain silent and (2) the claim is procedurally barred because the Fifth Circuit previously upheld the constitutionality of defendant's guilty plea. Rec. Doc. 1-1 at 63. This objection was likewise denied on supervisory review by the Louisiana Fifth Circuit and the Louisiana Supreme Court. Rec. Doc. 1-1 at 89, 115.

---

[2] Even if the first objection were construed as an allegation of "prosecutorial misconduct," the objection would be meritless. To prevail on a claim of prosecutorial misconduct, a petitioner must demonstrate that the prosecutor's conduct violated a specific constitutional right or infected the trial with such unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974). The complained of conduct must be so egregious as to render the entire trial fundamentally unfair. *Id.* at 642-45. It is not enough to show that the prosecutor's conduct or remarks were undesirable or even universally condemned. *Darden v. Wainwright,* 477 U.S. 168, 181 (1986). Here, Petitioner fails to identify any conduct or remarks that would satisfy the "so egregious" standard set forth in *Donnelly*. Because Petitioner fails to identify any conduct "so egregious to render the entire trial fundamentally unfair," any claim of prosecutorial misconduct is meritless.

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). For this criteria to be met, the record should reflect an articulation and waiver of (1) the privilege against self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). At the plea hearing in state court, the following exchange took place during the original sentencing:

> THE COURT: Do you understand you're giving up the following rights; a right to a trial by judge or jury?
> PETITIONER: Yes.
> THE COURT: A right to be presumed innocent until the district attorney proves your guilt beyond a reasonable doubt?
> PETITIONER: I do.
> THE COURT: A right to force the district attorney to call witnesses who, under oath, would have to testify against you at trial and to have your attorney ask questions of those witnesses?
> PETITIONER: Yes, sir.
> THE COURT: A right to confront your accusers at trial?
> PETITIONER: Yes sir.
> THE COURT: A right to testify yourself at trial if you choose to do so or remain silent if you choose not to testify and not have your silence held against you or considered as evidence of your guilt?
> PETITIONER: Yes.
> THE COURT: The right to present witnesses who would testify for you and/or evidence that would be helpful or favorable to you?
> PETITIONER: Yes.
> THE COURT: The right to appeal any verdict of guilty that might be returned against you at trial?
> PETITIONER: Yes.

Rec. Doc. 1-1 at 16-18. Additionally, the following exchange took place regarding Petitioner's plea hearing for the multiple offender bill of information:

> THE COURT: A right to testify yourself at trial if you choose to do so or remain silent if you choose not to testify and not have your silence held against you or considered as evidence of your guilt?
> PETITIONER: Yes.
> THE COURT: The right to present witnesses who would testify for you and/or evidence that would be helpful or favorable to you?
> PETITIONER: Yes.
> THE COURT: The right to appeal any verdict of guilty that might be returned against you at trial?
> PETITIONER: Yes.
> THE COURT: You understand the sentencing range for attempt second degree murder is 10 years to 50 years Department of Corrections?
> PETITIONER: Yes.
> THE COURT: And that if the prior conviction was a result of a guilty plea, that at the time, you were properly advised of your right to a trial by jury, your right to cross examine the state's witnesses, your right to remain silent and not have your silence held against you; you understand that?
> PETITIONER: Yes, sir.
> THE COURT: Okay. You understand that the sentencing range as a multiple offender in this case is 25 years at hard labor to a maximum of 100 years without the benefit of probation or suspension of sentence?
> PETITIONER: Yes, sir.

Rec. Doc. 1-1 at 13-15. The record indicates that the Petitioner's guilty plea, on both the original and multiple offender bills of information, were entered into "knowingly, voluntarily, and intelligently" because Petitioner was advised of his right to a jury trial, his privilege against self-incrimination, and his right to confront one's accusers. Rec. Doc. 1-1 at 14-18. In

addition to the Petitioner being advised in open court, Petitioner voluntarily and knowingly waived his constitutional rights by signing his initials on both the original and multiple offender plea agreements. Rec. Doc. 1 at 26, 28. The state courts' denial of this claim was not contrary to or an unreasonable application of clearly established federal law. Thus, Petitioner's second objection has no merit.

In Petitioner's third objection, he argues that counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation before advising him to plead guilty to attempted second degree murder, when, in fact, the evidence could not have supported a conviction. Rec. Doc. 15 at 5. The state district court construed this claim as a challenge to the sufficiency of the evidence because Petitioner did not make any argument to support an ineffective assistance of counsel claim in his memorandum in support. Rec. Doc. 1-1 at 62. The state district court ruled that non-jurisdictional defects in proceedings before a guilty plea were waived and therefore, Petitioner's "ineffective assistance of counsel claim could not be the basis for post-conviction relief." *Id.* at 62-63. Additionally, the state district court found that this claim was merely speculative and conclusory, and that Petitioner failed to prove either that his counsel acted deficiently, or that he was prejudiced by his counsel's actions. *Id.* at 62. This objection was likewise denied on supervisory review

11

by the Louisiana Fifth Circuit and the Louisiana Supreme Court, without stated reasons. *Id.* at 88, 115.

Again, a guilty plea knowingly, willingly, and voluntarily entered into generally waives all non-jurisdictional defects that occurred prior to the plea. *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *Owens*, 996 F.2d 59, 60 (5th Cir. 1993). However, a Petitioner may raise a claim of ineffective assistance of counsel to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.") (*quoting Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983)).

A claim of ineffective assistance of counsel is a mixed question of law and fact and should be reviewed under the "contrary to" and "unreasonable application" prong of § 2254(d). *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

Here, Petitioner does not argue that counsel's actions rendered his plea involuntary; rather, he merely asserts that counsel failed to conduct an adequate pre-trial investigation. Rec. Doc. 15 at 5. However, Petitioner initialed and signed two (2) waiver of constitutional right forms indicating that he was

12

not forced, coerced, or threatened into entering his guilty plea and that he was satisfied with the way his attorney handled the case. Rec. Doc. 1 at 26, 28. Because Petitioner does not argue ineffective assistance of counsel relating to the voluntariness of the guilty plea, this claim was waived when Petitioner pled guilty. Again, Petitioner's third objection has no merit.[3]

In Petitioner's final objection, he alleges that the trial court did not properly advise him as to the nature of the charges to which he was pleading guilty. Rec. Doc. 15 at 6. Specifically, Petitioner argues that the trial court failed to set forth the specific elements for each offense, in violation of Louisiana Code of Criminal Procedure 556.1(A). *Id.* The state district court found no merit to the claim, noting that the court clearly advised the defendant of the charges to which he was pleading guilty, along with the sentencing range for each charge. Rec. Doc. 1-1 at 63. The Louisiana Fifth Circuit Court of Appeal found no error in the

---

[3] Even if the third objection were construed as an allegation of unconstitutional ineffective assistance of counsel, the objection would be meritless. The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel. A habeas petitioner must prove: (1) counsel's performance was constitutionally deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 697 (1984). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong. *Id.* Here, Petitioner fails to address any case law or conduct relating to the effectiveness of counsel to satisfy the two-prong *Strickland* test.

trial court's denial of this claim. *Id.* at 88. The Louisiana Supreme Court denied relief without stated reason. *Id.* at 115.

Here, Petitioner asserts he suffered from the alleged violation(s) of the Louisiana Code of Criminal Procedure 556.1(A), and not from a federal constitutional violation. Rec. Doc. 15 at 6. Because this Court on habeas review is limited to constitutional issues, this claim has no merit. 28 U.S.C. § 2254(d)(1). Additionally, the record reveals that Petitioner was aware of the nature and elements of the charges of attempted second-degree murder and possession of a firearm during the commission of a crime of violence because Petitioner signed and initialed the waiver of constitutional rights for the original and multiple offender plea of guilty. Rec. Doc. 1 at 26-30. Moreover, the trial court explicitly set forth both charges to which he was entering his plea of guilty and the sentencing range for each offense. Rec. Doc. 1-1 at 18 ("You understand the sentencing range for attempt[ed] second degree murder is 10 years to 50 years Department of Correction... And for the illegal use of the firearm during a crime of violence, the sentencing range is five to 10 years Department of Corrections"). Again, Petitioner's fourth objection has no merit.

New Orleans, Louisiana, this 28th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE